**Carl SCHRAND, Plaintiff,**

v.

**FEDERAL PACIFIC ELECTRIC/RELIANCE ELECTRIC, Defendant.**

No. C–3–84–783.

United States District Court,
S.D. Ohio, W.D.

Dec. 21, 1987.

Bonnie K. Beaman, Parks, Little & Beaman, Dayton, Ohio, for plaintiff.

Stephen C. Fitch, Szolosi & Fitch, Columbus, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon plaintiff's Motion for Attorney's Fees and Costs (doc. no. 39), defendant's Motion for Stay of Proceedings (doc. no. 47) and for Stay of Enforcement of Judgment which includes a proposed Supersedeas Bond (doc. no. 50), and plaintiff's Objection to the Amount of Bond (doc. no. 52).

Upon consideration, this Court finds that it is productive to address the attorney fees issue at this time and, accordingly, defendant's Motion for Stay (doc. no. 47) is hereby DENIED.

A successful litigant of an age discrimination claim is entitled to an award of reasonable attorney fees and costs pursuant to 29 U.S.C. § 216. The Court's responsibility in determining the reasonableness of a requested fee is governed by the guidelines set forth in *Northcross v. The Board of Education*, 611 F.2d 624 (6th Cir.1979).

Upon careful review of the fees requested by plaintiff's counsel in this case, the Court initially finds that the hourly rates requested by Mr. Parks and Ms. Beaman are reasonable and fall within the prevailing market rates in this area for services rendered by attorneys of comparable skill, experience and reputation in this community.

The Court finds, however, that a reasonable fee does not include necessarily payment for the presence or participation of two plaintiff's attorneys at depositions and does not include payment for the time of two plaintiff's attorneys interviewing a witness when one attorney subsequently charges for the time preparing and deposing that same witness. This Court believes, and plaintiff agrees, that unnecessary duplicative services are improper and should be avoided.

A review of the schedule of charges submitted by each plaintiff's counsel indicates entries where unnecessary duplicative services were provided. Defendant argues, therefore, that the number of hours charged by plaintiff's counsel be reduced by 10%. A percentage reduction in a case such as this, however, does not explain with adequate specificity the reasoning in reducing the requested fee. This Court's responsibility to determine a reasonable fee necessarily includes the responsibility to be accountable to the attorneys, parties and reviewing court. A general percentage reduction blanketed broadly across this fee request does not focus on specifics and fails to fulfill this Court's responsibility to

justify its award of reasonable attorney fees and costs.

The Court has carefully examined all of the entries in the fee requests and finds that the reduction should be based on the amount of responsibility of each attorney in rendering the duplicative legal service. The attorney who invested and billed the greater amount of time in an instance where more than one attorney is involved is considered the predominant attorney who has contributed more to rendering the service than any assisting attorney with less time. Accordingly, any reduction should represent the lesser number of hours in a given entry.

In this case, the Court finds that unnecessary duplicative services were rendered in four instances: 1) the deposition of William Pierce, 2) the interview of Larry Hoberg, 3) the deposition of Carl Schrand, and 4) the preparation for and meeting with Dr. Donald Parsons. Plaintiff's application for attorney fees includes 9.5 hours for Mr. Parks and 6.5 hours for Ms. Beaman with regard to the preparation for and attendance at the deposition of William Pierce; 4.0 hours for Mr. Parks and 3.0 hours for Ms. Beaman with regard to the interview of Larry Hoberg; 9.5 hours for Mr. Parks and 7.25 hours for Ms. Beaman with regard to the preparation for and attendance at the deposition of Carl Schrand; and 5.0 hours for Mr. Parks and 3.25 hours for Ms. Beaman with regard to the preparation for and meeting with Dr. Donald Parsons. Consistent with this Court's reasoning, these legal services shall be reduced by a total of 20 hours, which is consistent with defendant's assertion that plaintiff's attorneys rendered 40 hours of duplicative legal services. Ms. Beaman's time is compensated at the rate of $100.00 per hour; therefore, the amount of attorney fees to be awarded Ms. Beaman is hereby reduced by the amount of $2,000.00.

■ Defendant also objects to the attorney fees charged and costs entered in connection with the time spent with Dr. Donald Parsons and his consultation fee. Defendant maintains that Dr. Parsons, an economist, was unnecessary as he did not testify as a witness at trial and no other evidence was presented to justify his consultation. This Court finds that the expense and time spent in relation to Dr. Parsons was not frivolous. Short of a finding of frivolity, this Court will not inhibit a plaintiff's right to investigate what may be a pattern and practice of discrimination regardless of whether that theory is subsequently abandoned. Beyond the reduction for duplicative time spent with Dr. Parsons, therefore, the Court finds that the charge for legal services and costs is appropriate and compensible.

In accordance with the foregoing, the Court finds that both Mr. Parks and Ms. Beaman are experienced attorneys, that both significantly contributed to the preparation and presentation of plaintiff's claims, that the issues and time involved in the representation of plaintiff were shared by both, and that each assisted the other in successfully litigating this case.

Based upon these findings, the Court finds that a reasonable fee for Mr. Parks is $22,462.50 as requested, that a reasonable fee for Ms. Beaman is $19,075, and that the costs and expenses totaling $1,645.26 is substantiated. Thus, the Court hereby awards a total amount of attorney fees and costs in the amount of $43,182.76.

By reason of this award, the Court finds plaintiff's objections to the proposed $82,652.00 bond well taken. Accordingly, defendant is hereby ORDERED to post bond pending resolution of the appeal of this matter in the amount of $138,400.00 which represents and secures the judgment, attorney fees, costs and one year's interest at ten percent.

Conditioned on the posting of the supersedeas bond, a stay of execution is GRANTED.

IT IS SO ORDERED.